### DAVIS v. SCHULTZ DIE CASTING CO.

#### Civ. No. 5854.

United States District Court
N. D. Ohio, W. D.

June 14, 1948.

Findings of Fact and Conclusions of Law
July 6, 1948.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, and Marcus L. Friedman, Asst. U. S. Atty., of Toledo, Ohio, for plaintiff.

Marshall, Melhorn, Wall & Bloch, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

█ The Court is of the opinion that judgment should be entered for the plaintiff and against the defendant, in accordance with paragraph (a) of the prayer of the complaint, requiring the defendant company to restore the plaintiff to his former seniority rights and status as of February 20, 1934. An order may be drawn accordingly.

We are of the opinion that, under the provisions of Rule 52 of the amended Federal Rules of. Civil Procedure, 28 U.S.C.A. following section 723c, the opinion sufficiently sets forth the findings of fact and conclusions of law in this case. However, if counsel upon either side desire categorical findings of fact and conclusions of law in this case, they may be prepared and submitted to the Court within ten (10) days.

The above matter was an action brought ·in the District Court of the Northern District of Ohio, Western Division, by virtue of Section :8(e) of the Selective Training

and Service Act of 1940, 54 Stat. 890, 50 U.S.C.A.Appendix, § 308(e), as amended, within the jurisdiction of this Court.

The matter came on for trial before the Honorable Frank L. Kloeb, Judge of the District Court of the Northern District of Ohio, Western Division, sitting at Toledo, Ohio, on the 12th day of May, 1948. The matter was submitted to the Court without a Jury and the Court, having heard all of the evidence and the arguments of counsel, finds as follows:

### Findings of Fact.

(1) That the plaintiff, at the time of the filing of the Complaint herein, was and now is a resident of the City of Toledo, Lucas County, Ohio, in the Northern District of Ohio, Western Division.

(2) That the defendant, Schultz Die Casting Company is a corporation doing business under and by virtue of the laws of the State of Ohio, with its principal place of business located in the City of Toledo, Ohio, and that said defendant was engaged in the manufacture of die castings and other allied products.

(3) That the plaintiff, prior to the 31st day of January, 1944, was an employee of the defendant company, in its plant in the City of Toledo, Ohio.

(4) That the petitioner was inducted into the United States Navy on the 31st day of January, 1944, and remained in such service until the 11th day of December, 1945, at which time he received a certificate of training and service and an Honorable Discharge.

(5) That on the 13th day of December, 1945, and within the ninety days from the time of his discharge from the Navy, petitioner requested the defendant to restore him to his former position of the same status, seniority and pay which he had held as an employee of said defendant company prior to his entrance into the service.

(6) That plaintiff was rehired by the defendant on January 7, 1946, but that said plaintiff was not restored to his former seniority status.

(7) That plaintiff was granted a leave of absence for ninety days from the defendant on November 10, 1941, and that he was then employed by the Spicer Manufacturing Company.

(8) That on November 4, 1941, plaintiff was employed by the Spicer Manufacturing Company, who had submitted to the defendant herein, Government Form No. 18, in accordance with the War Manpower Commission Regulations, informing the defendant that it was in defense work and that the seniority rights of said plaintiff should be protected until such time as the War Manpower Commission should release employees in defense work to plants not engaged in defense work during that period of time.

(9) That the Court took judicial notice of the Presidential Decree freezing all employees in defense plants, and that no such employee could make such change without permission granted by the War Manpower Commission.

### Conclusions of Law.

(1) This Court has jurisdiction of the within proceedings pursuant to Title 50 U.S.C.A.Appendix, § 308(e), as amended.

(2) That the petitioner herein is entitled to be restored to his former seniority rights and status as of February 20, 1934.

(3) That the plaintiff was frozen in defense work by virtue of a Presidential Declaration.

(4) That judgment should be entered on behalf of the plaintiff herein, Albert J. Davis, against the defendant and that he be restored to his former status and seniority rights as of February 20, 1934.